**Alan GRECCO, Appellant**

v.

**UNITED STATES of America**

No. 99–1239

United States Court of Appeals, Third Circuit.

Argued: Jan. 17, 2002.

Filed: Jan. 31, 2002.

Lawrence S. Lustberg, Esq. (Argued), Thomas R. Valen, Esq., Philip James Degnan, Esq., Gibbons, Del Deo, Dolan, Griffinger & Vecchione, A Professional Corporation, Newark, NJ, Counsel for Appellant.

Robert J. Cleary, U.S. Attorney, George S. Leone, Chief, Appeals Division, Maureen A. Ruane, Assistant U.S. Attorney (Argued), Newark, Counsel for Appellee.

Before: SCIRICA, ROSENN, Circuit Judges, and KANE,* District Judge.

## OPINION

PER CURIAM.

This appeal involves whether Appellant Alan Grecco was denied effective assistance of counsel because his trial counsels failed to inform him of his right to testify in his own defense. We must also determine whether the District Court erred in not conducting an evidentiary hearing before denying any relief. Because the parties are intimately familiar with the case, and this case has been before this Court twice before, once on an interlocutory appeal, *United States v. Gatto*, 924 F.2d 491 (3d Cir.1991), and then, on direct appeal, *United States v. Gatto*, 995 F.2d 449 (3d Cir.1993), we recite herein only the very essential facts.

In June 1991, Grecco was found guilty by a jury for the murder of Vincent Mistretta. Unsuccessful in his direct appeal, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 alleging that he was denied effective assistance of counsel because his trial counsels failed to advise him of his right to testify. Without an evidentiary hearing, the District Court on April 17, 2000, denied the motion in its entirety. Then, Grecco supplemented his prior affidavit that the District Court had found lacking in specificity, and requested relief from the April 17th judgment pursuant to Rule 60. On August 4, 2000, the District Court denied that motion finding that nothing in the supplemental affidavit alters its prior decision.

He appealed from both the denial of his § 2255 petition and Rule 60 motion, and on March 23, 2001, this Court consolidated those two appeals and granted a certificate of appealability under 28 U.S.C. § 2253, "limited to the issue of whether trial counsel provided ineffective assistance in failing to advise Grecco fully as to his right to testify." Grecco urges that his trial counsels were ineffective because they failed to inform him that the ultimate decision as to whether to or not testify was his to make and that this failure was "outside the range of professionally competent assistance" and that it was prejudicial because "the addition of his testimony to the defense case would have altered the outcome of his trial."

After carefully reviewing the District Court decision that accompanied both the April 17th and August 4, 2000, orders, briefs of Grecco and the government before this Court, the record including Grecco's supplemental affidavit submitted with the Rule 60 motion, and the oral arguments before this Court on January 17, 2002, we are convinced that Grecco has failed to show that he was denied effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Grecco has proffered no persuasive arguments for us to disturb the District Court judgment. We rely

---

* Hon. Yvette Kane, Middle District of Pennsylvania, Sitting by Designation.

substantially on the thoughtful and persuasive opinion of the District Court.

■ At a minimum, Grecco contends that he was entitled to an evidentiary hearing. He argues that "it is clear that Grecco presented a prima facie case of ineffective assistance of counsel under the *Strickland* test and the district court should have conducted an evidentiary hearing to create a complete record concerning the issue." To be sure, 28 U.S.C. § 2255 states that the District Court shall grant a hearing unless the record "conclusively show that the prisoner is entitled to no relief." Again, we are in agreement with the District Court "that each portion of [Grecco's] § 2255 motion fails conclusively with respect to one or both prongs of the *Strickland* analysis." Grecco's arguments for an evidentiary hearing to develop a factual record is focused singularly on the *Strickland* performance prong and silent on the *Strickland* prejudice prong. *See, e.g., United States v. Dawson,* 857 F.2d 923, 928 (3d Cir.1988) ("If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing.").

■ Lastly, we note that Grecco had also raised several other grounds of ineffective assistance of counsel, and sentencing related claims, but the District Court had likewise denied relief. Notwithstanding the clear language in this Court's March 23, 2001, order granting the limited certificate of appealability, Grecco claims that the certificate was too limited. He argues that this panel should reconsider the decision of the certificate of appealability panel. Putting aside this panel's lack of authority to disturb a decision of another panel, Grecco does little besides incorporate by reference the arguments raised in his memorandum of law before the certificate of appealability panel. If appellant

is dissatisfied with the decision of a prior panel, then his recourse, as with any other decision, is to petition for panel rehearing, and not to seek review collaterally.

The orders of the District Court are affirmed.